# EXHIBIT B

eFiled
10/13/2023 11:05:24 AM
Superior Court
of the District of Columbia

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| TYRONE GIBSON, | ) | Case No.　　　　2023-CAB-006389 |
| 1923 Kearney Street, NE | ) | |
| Washington, DC 20018 | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| KIRKLAND & ELLIS, LLP | ) | |
| 1301 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20004 | ) | |
| | ) | |
| Serve: National Registered Agents, Inc. | ) | |
| 1015 15th Street NW, Suite 1000 | ) | |
| Washington, DC 20005 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff TYRONE GIBSON, by his undersigned counsel, hereby complains of Defendant KIRKLAND & ELLIS, LLP ("Defendant"), as follows:

### NATURE OF THE CASE

1. Defendant subjected Mr. Gibson to discrimination and disparate treatment thereby creating a hostile work environment when, after Mr. Gibson complained about racially discriminatory comments and actions by his subordinates and supervisor, Defendant wrongfully terminated his employment.

2. Mr. Gibson brings this action to recover damages for Defendant's unlawful discrimination on the bases of race (African American), color (Black), family responsibilities, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(2) *et. seq.*, 1866 Civil Rights Act, 42 U.S.C. § 1981, and the D.C. Human Rights Act, D.C. Code §

2-1401 *et seq*. ("DCHRA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to D.C. Code § 11-921.

4. This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423 because at all relevant times, Defendant employed Mr. Gibson in D.C., the acts or omissions giving rise to Mr. Gibson's complaints were completed or not completed in D.C., and Mr. Gibson suffered harm in D.C.

5. Venue is proper because Defendant resides and/or is located in D.C. and because the underlying events occurred in D.C.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On July 12, 2023, Mr. Gibson filed a Charge of Discrimination alleging discrimination on the basis of race (African American), color (Black), and retaliation (filing an internal harassment complaint) when his subordinates disrespected his authority and disregarded his instructions, Defendant paid him less than similarly situated employees, placed him on a Performance Improvement Plan, and terminated his employment with the D.C. Office of Human Rights which was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

7. On July 18, 2023, the Equal Employment Opportunity Commission issued Mr. Gibson a Determination of Charge and Notice of Right to Sue.

8. This Complaint, hereby filed on or before October 16, 2023, is timely.

## THE PARTIES

9. Plaintiff Tyrone Gibson was employed by Defendant Kirkland & Ellis, LLP from December 26, 2018, through April 11, 2023, when Defendant wrongfully terminated his employment.

10. Mr. Gibson is African American/Black and is responsible for taking his daughter to and from

her after-school activities every weekday except Thursdays. Because his ex-wife works the night shift, Mr. Gibson is solely responsible for these caregiving activities.

11. Defendant is a global law firm with over attorneys 3,500 attorneys working out of 18 offices in 6 countries. At all times relevant, Mr. Gibson worked at Defendant's Washington, D.C. office at 1301 Pennsylvania Avenue, NW.

## STATEMENT OF FACTS

*Background.*

12. On December 26, 2018, Mr. Gibson began his employment with Defendant as a Technology Analyst, Level I. In this role, he provided technological support to Defendant's employees.

13. In January 2020, Defendant promoted Mr. Gibson to Technology Analyst Level II.

14. During FY20, Mr. Gibson earned the highest performance rating, Distinguished, with an additional $5,000 bonus.

15. During FY21, Mr. Gibson earned the second highest performance rating, Successful Plus.[1]

16. In July 2022, Mr. Gibson applied for and was promoted to Technology Support Supervisor. In this role, he oversaw the technology department in the D.C. office and supervised ten people – six technology analysts, two AV (audio-visual) technicians, and two contractors.

17. As Technology Support Supervisor, Mr. Gibson reported directly to Kenneth Kim (Asian), Associate Director, who controlled, reviewed, and supervised nearly all aspects of Mr. Gibson's work.

18. As Technology Support Supervisor, Mr. Gibson was responsible for determining his team's schedule. Upon starting in this role, in July 2022, Mr. Gibson placed himself on the earlier shift, 7:30 AM to 4:00 PM, because he was responsible for taking his daughter to her after-

---

[1] Defendant told Mr. Gibson that no one within Defendant's company earned a Distinguished rating two years in a row.

school activities each week on Mondays, Tuesdays, Wednesdays, and Fridays. He had to leave no later than 4:45 to pick her up in time. Defendant raised no issues with Mr. Gibson's schedule.

***Mr. Gibson's salary is not comparable with his peers.***

19. Upon starting as the Technology Support Supervisor, in July 2022, Mr. Gibson requested to negotiate his salary.

20. To delay the discussion, Human Resources and Mr. Kim told Mr. Gibson they had to first let Sam Waskowicz (Caucasian) know that Defendant selected Mr. Gibson, and not Mr. Waskowicz, for the promotion.

21. After Mr. Gibson repeated his request for a discussion regarding his salary, Mr. Kim then told Mr. Gibson it was now too late to discuss a salary adjustment.

22. In December 2022, Mr. Gibson again asked for a salary raise commensurate with his peers in the New York and Boston offices, which Defendant denied due to lack of money available for the D.C. office.

23. Brad Koerber (Caucasian), the Technology Support Supervisor prior to Mr. Gibson, had a higher salary and received a higher pay grade than Mr. Gibson, while in a similar role.

***Mr. Gibson experiences and reports harassment based on his race.***

24. In or around July 2022, Mr. Waskowicz told Mr. Gibson he would not work under his authority "because [he] is Black."

25. Mr. Gibson immediately reported this racist comment to Mr. Kim.

26. Mr. Kim questioned Mr. Gibson about whether Mr. Waskowicz made this comment, which Mr. Gibson confirmed.

27. Mr. Kim and Chris Thomes, Associate Director, held two meetings with Mr. Gibson, Mr.

Waskowicz, and the other subordinates to address their performance issues and insolent behavior. They did not address the racist comment.

28. Defendant took no other action to prevent this continued harassment.

29. In November 2022, Michel Lima, who is not African American/Black, joined Mr. Gibson's team.

30. Upon starting, Mr. Lima disrespected Mr. Gibson, questioned his authority, and disregarded his directions.

31. In November and December 2022, Mr. Gibson complained to Mr. Kim about Mr. Lima.

32. In response, Mr. Kim downplayed Mr. Gibson's allegations, asking whether Mr. Lima did not understand his instructions and suggesting that he believed Mr. Gibson was in the wrong.

33. In or around December 2022 or January 2023, Mr. Kim called Mr. Gibson "stupid."

34. Mr. Gibson verbally complained about Mr. Kim's comment to Anna Freeman, Human Resources Coordinator.

35. Human Resources spoke to Mr. Kim regarding his comments and Mr. Kim read a prepared apology statement to Mr. Gibson.

36. In February 2023, Mr. Gibson directed Mr. Lima to perform inventory management and other work in line with his job duties, but Mr. Lima refused to follow his directions.

37. On February 26, 2023, Mr. Gibson filed a written complaint concerning Mr. Lima's disrespectful conduct and failure to follow instructions with Ms. Freeman, who forwarded the complaint to Kathleen Stone, Director of Human Resources.

38. Ms. Stone spoke to Phillip Merriman, Global Director of Technology, regarding Mr. Gibson's complaint.

39. Mr. Merriman spoke to Mr. Kim regarding Mr. Lima's actions.

40. Defendant did not take any action with respect to Mr. Gibson's complaint.

***Defendant places Mr. Gibson on a Performance Improvement Plan.***

41. On March 1, 2023, in a meeting with Mr. Kim and Mr. Merriman, Mr. Kim told Mr. Gibson that he placed him on a Performance Improvement Plan ("PIP").

42. Up until this point, nobody at Defendant's office had ever previously raised any issues with Mr. Gibson's performance.

43. The PIP contained allegations that Mr. Gibson's performance was not at the level expected of a Technology Support Supervisor; directed Mr. Gibson to only discuss employee performance issues with his manager and the employee; to ensure that all tickets submitted by his team are entered for all assistance delivered and that all equipment is properly accounted and maintained.

***Mr. Gibson continues to report discrimination; Defendant continues to discriminate against Mr. Gibson.***

44. On or around March 6, 2023, Mr. Gibson again told Mr. Kim that his subordinates continue to harass and sabotage him, and no one had acted on his complaints.

45. Mr. Kim told Mr. Gibson to "stop talking about the past" and took no further action.

46. On or around March 12, 2023, Mr. Waskowicz, in front of Mr. Merriman, told Mr. Gibson he "did not have to listen to [him]" and that Mr. Gibson was "not his boss anymore."

47. Mr. Kim frequently targeted the three African American men on the team.

48. For example, on or around March 20, 2023, Mr. Kim informed the Defendant's Risk Management Department that a departed employee was under a preservation order but someone within the technology department had accidentally wiped her laptop.

49. Mr. Kim verbally reprimanded Mr. Gibson and the African American/Black employees and

ordered them to take additional training on the preservation process.

50. Mr. Gibson explained that he was out of the office when this occurred and could not explain why the team did not follow the proper process while they were out.

51. Mr. Waskowicz, via email to the technology department, disclosed that Mr. Lima was responsible for the mishandling of the laptop.

52. Mr. Kim neither reprimanded Mr. Lima for failing to follow the proper processes nor did he direct the non-African American/Black employees to take additional training on the preservation process.

***Defendant retaliates by changing Mr. Gibson's schedule.***

53. During the week of March 27, 2023, Mr. Kim asked Mr. Gibson to change his work schedule to a later shift.

54. In response, Mr. Gibson explained that he had to be on the earlier shift because he had to drive his daughter to after-school activities every day of the week, except Thursdays.

55. On March 31, 2023, Mr. Kim directed Mr. Gibson to work the later shift starting the following week.

56. On April 1, 2023, Mr. Gibson forwarded his communications with Mr. Kim to Lauren Keating, Associate Relations Coordinator:

> Every week, every conversation is another opportunity for Ken [Kim] to punish me. This is not a result of a discussion this is him ordering me to take another shift. This has gotten so out of hand, I told him I have family obligations with my daughter every day but Thursday. This is why my position is not savable, my job is not secure. This level of harassment, is damaging to the spirit and the whole notion of Kirkland and Ellis.
>
> I don't know how many policies are broken when you force familial changes on a person, but this is a movie on how to not treat people. Also I want to talk Monday about making an official complaint. I know we talked about possible "misuse of language" but its time to actually make an official complaint.

57. On or around April 10, 2023, Mr. Gibson told Tameka Bass, Human Resources, about Mr. Waskowicz's racist comments and inappropriate behavior.

58. Ms. Bass said she could not ignore this complaint and would act.

***Defendant terminates Mr. Gibson's employment.***

59. On April 11, 2023, Mr. Kim, Mr. Merriman, and Ms. Keating issued Mr. Gibson a Separation Agreement and informed him that April 11, 2023 would be his last day of employment.

60. Ms. Keating alleged that Mr. Gibson inappropriately accessed data without proper authorization and sent proprietary information to his personal email address.

61. Mr. Merriman told Mr. Gibson that he was not as "enthusiastic" about this job as he was when he first started.

62. These reasons for terminating Mr. Gibson's employment are false and pretext for discrimination.

63. Mr. Gibson has suffered monetary damages as a result of the unlawful discrimination to include without limitation, lost and future wages and benefits, emotional pain and suffering, emotional distress and mental anguish.

64. Defendant acted with malice and wanton and reckless disregard for Mr. Gibson's protected civil rights.

65. Defendant's violations were intentional, willful, and/or malicious, and were otherwise not in good faith.

## <u>COUNT 1 – Race and Color Discrimination – Termination</u>

### **(Title VII of the Civil Rights Act of 1964 – 42 U.S.C. §§ 2000(e), *et seq.*)**

66. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

67. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant terminated his employment.

68. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of Title VII of the Civil Rights Act of 1964.

## COUNT 2 – Race and Color Discrimination – Hostile Work Environment

### (Title VII of the Civil Rights Act of 1964 – 42 U.S.C. §§ 2000(e), *et seq.*)

69. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

70. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant subjected Mr. Gibson to a hostile work environment.

71. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of Title VII of the Civil Rights Act of 1964.

## COUNT 3 – Race and Color Discrimination – Unequal Pay

### (Title VII of the Civil Rights Act of 1964 – 42 U.S.C. §§ 2000(e), *et seq.*)

72. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

73. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant paid Mr. Gibson less than other similarly situated employees.

74. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of Title VII of the Civil Rights Act of 1964.

## COUNT 4 – Race and Color Discrimination – Termination

### (1866 Civil Rights Act, 42 U.S.C. § 1981)

75. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

76. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant terminated his employment.

77. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of the 1866 Civil Rights Act.

## COUNT 5 – Race and Color Discrimination – Hostile Work Environment

**(1866 Civil Rights Act, 42 U.S.C. § 1981)**

78. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

79. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant subjected Mr. Gibson to a hostile work environment.

80. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of the 1866 Civil Rights Act.

## <u>COUNT 6 – Race and Color Discrimination – Unequal Pay</u>

**(1866 Civil Rights Act, 42 U.S.C. § 1981)**

81. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

82. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant paid Mr. Gibson less than other similarly situated employees.

83. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of the 1866 Civil Rights Act.

## <u>COUNT 7 – Race and Color Discrimination – Termination</u>

**(D.C. Human Rights Act – D.C. Code § 2-1402.11, *et. seq.*)**

84. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

85. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant terminated his employment.

86. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of DCHRA.

## <u>COUNT 8 – Race and Color Discrimination – Hostile Work Environment</u>

**(D.C. Human Rights Act – D.C. Code § 2-1402.11, *et. seq.*)**

87. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

88. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant subjected Mr. Gibson to a hostile work environment.

89. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of DCHRA.

## COUNT 9 – Race and Color Discrimination – Unequal Pay

### (D.C. Human Rights Act – D.C. Code § 2-1402.11, *et. seq.*)

90. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

91. Defendant discriminated against Mr. Gibson on the basis of race (African American) and color (Black) when Defendant paid Mr. Gibson less than other similarly situated employees.

92. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of DCHRA.

## COUNT 10 – Retaliation for Protected Activity – Termination

### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et seq.*)

93. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

94. Defendant retaliated against Mr. Gibson after he internally complained about discriminatory behavior when Defendant terminated his employment.

95. By and through its conduct, Defendant retaliated against Mr. Gibson in violation of Title VII of the Civil Rights Act of 1964.

## COUNT 11 – Retaliation for Protected Activity – Termination

### (D.C. Human Rights Act – D.C. Code § 2-1402.61)

96. Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

97. Defendant retaliated against Mr. Gibson after he internally complained about discriminatory behavior when it terminated his employment.

98. By and through its conduct, Defendant retaliated against Mr. Gibson in violation of DCHRA.

## COUNT 12 – Family Responsibilities Discrimination – Hostile Work Environment

### (D.C. Human Rights Act – D.C. Code § 2–1402.11 *et seq.*)

99.  Mr. Gibson repeats and realleges paragraphs 1-65, as if fully set forth herein.

100. Defendant discriminated against Mr. Gibson on the basis of family responsibilities when Mr. Gibson's supervisor tried to change Mr. Gibson's schedule.

101. By and through its conduct, Defendant discriminated against Mr. Gibson in violation of DCHRA.

## JURY DEMAND

Mr. Gibson demands a trial by jury on all Counts.

WHEREFORE, Mr. Gibson respectfully requests this Court enter judgment against Defendant on all Counts and award Mr. Gibson damages in the amount of $5,000,000, or such other amount as determined by the jury for lost past wages and benefits, compensatory damages, punitive damages, attorney's fees, costs, pre- and post-judgment interest on the total amount of the award, the amount of tax on the total award; grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, from engaging in race and family responsibilities discrimination and retaliation; and any such other relief as is just and proper.

Dated:  October 13, 2023                                  RESPECTFULLY SUBMITTED,

                                                                      ALAN LESCHT AND ASSOCIATES, P.C.

                                                                      /s/ Alan Lescht
                                                                      Alan Lescht [DC #441691]
                                                                      Katherine Lease [DC #1722844]
                                                                      1825 K Street, NW, Suite 750
                                                                      Washington, DC 20006

Tel (202) 463-6036
Fax (202) 463-6067
Alan.Lescht@leschtlaw.com
Katherine.Lease@leschtlaw.com
*Counsel for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Tyrone Gibson
_____
Plaintiff(s)

vs

Kirkland & Ellis LLP
_____
Defendant(s)

Case Number: **2023-CAB-006389**

Date: 10/13/2023

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| **Name:** *(Please Print)* <br> Alan Lescht | **Relationship to Lawsuit** |
| **Firm Name:** <br> Alan Lescht & Associates, P.C. | ☑ Attorney for Plaintiff <br> ☐ Self (Pro Se) |
| **Telephone No.:** (202) 463-7955    **DC Bar No.:** 441691 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

Demand: $ 5,000,000.00      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar #:_____

---

**NATURE OF SUIT:** *(Check One Box Only)*

| **CONTRACT** | **COLLECTION/INS. SUB** | **EMPLOYMENT DISPUTE** |
|---|---|---|
| ☐ Breach of Contract | ☐ Debt Collection | ☐ Breach of Contract |
| ☐ Breach of Warranty | ☐ Insurance Subrogation | ☐ Discrimination |
| ☐ Condo/Homeowner Assn. Fees | ☐ Motion/Application for Judgment by Confession | ☐ Wage Claim |
| ☐ Contract Enforcement | ☐ Motion/Application Regarding Arbitration Award | ☐ Whistle Blower |
| ☐ Negotiable Instrument | | ☑ Wrongful Termination |

---

| **REAL PROPERTY** | | |
|---|---|---|
| ☐ Condo/Homeowner Assn. Foreclosure | ☐ Ejectment | ☐ Other |
| ☐ Declaratory Judgment | ☐ Eminent Domain | ☐ Quiet Title |
| ☐ Drug Related Nuisance Abatement | ☐ Interpleader | ☐ Specific Performance |

☐ **FRIENDLY SUIT**
☐ **HOUSING CODE REGULATIONS**
☐ **QUI TAM**
☐ **STRUCTURED SETTLEMENTS**

---

**ADMINISTRATIVE PROCEEDINGS**

☐ Administrative Search Warrant
☐ App. for Entry of Jgt. Defaulted Compensation Benefits
☐ Enter Administrative Order as Judgment
☐ Libel of Information
☐ Master Meter
☐ Petition Other

☐ Release Mechanics Lien
☐ Request for Subpoena

**MALPRACTICE**

☐ Medical – Other
☐ Wrongful Death

**AGENCY APPEAL**

☐ Dangerous Animal Determination
☐ DCPS Residency Appeal
☐ Merit Personnel Act (OEA)
☐ Merit Personnel Act (OHR)
☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil

- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

---

**Alan Lescht**
Digitally signed by Alan Lescht
Date: 2023.10.13 10:42:24
-04'00'

Filer/Attorney's Signature

10/13/2023

Date

CV-496/February 2023

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Tyrone Gibson

_____
                                    Plaintiff

vs.

Case Number   2023-CAB-006389

Kirkland & Ellis LLP, c/o National Registered Agents Inc.
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Alan Lescht
_____
Name of Plaintiff's Attorney

1825 K St NW, Suite 750
_____
Address
Washington, DC 20006

202-463-7955
_____
Telephone

_Clerk of the Court_

By _____
                                    Deputy Clerk

Date   **10/18/2023**

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**Civil - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1133 | www.dccourts.gov**

**Case Number:** 2023-CAB-006389

**Case Caption:** Tyrone Gibson v. Kirkland & Ellis LLP

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 01/12/2024 | 9:30 AM | Remote Courtroom 519 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Juliet J McKenna.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1)  This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2)  Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3)  Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4)  At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5)  If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6)  Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb519

   Meeting ID: 129 705 0412

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ፡

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

- You can also find the list of legal services providers at dccourts.gov/coronavirus by clicking on the link that says, "List of Legal Service Providers for Those Without an Attorney."

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov




# Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de l**unes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:

<table>
<tr>
<td>

**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

</td>
<td rowspan="3"></td>
<td>

**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

</td>
</tr>
<tr>
<td>

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

</td>
<td>

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

</td>
</tr>
<tr>
<td>

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

</td>
<td>

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*

</td>
</tr>
</table>

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto. Si** necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
10/24/2023 4:21:46 PM
Superior Court
of the District of Columbia

## AFFIDAVIT OF PROCESS SERVER

**In the Superior Court for the District of Columbia**
**Civil Division**

**Tyrone Gibson**

       Plaintiff(s),

VS.

**Kirkland & Ellis LLP**

       Defendant(s).

Attorney: Alan Lescht

Alan Lescht & Associates, P.C.
1825 K St., NW, #750
Washington DC 20006



*305352*

**Case Number: 2023-CAB-006389**

Legal documents received by Same Day Process Service, Inc. on **10/18/2023** at **12:07 PM** to be served upon **Kirkland & Ellis LLP, by serving National Registered Agents, Inc. at 1015 15th St., NW Suite 1000, Washington, DC 20005**

I, **Hannah Rus** , swear and affirm that on **October 19, 2023** at **1:13 PM**, I did the following:

Served **Kirkland & Ellis LLP, by serving National Registered Agents, Inc.** by delivering a conformed copy of the **Summons; Initial Order; Complaint; Notice of Remote Initial Scheduling Conference** to Reza Lustig as Intake Specialist & Authorized Agent **of Kirkland & Ellis LLP, by serving National Registered Agents, Inc. at 1015 15th St., NW Suite 1000 , Washington, DC 20005**.

**Description of Person Accepting Service:**
Sex: Male Age: 30 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: Caucasian Hair Color: Brown

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

District of Columbia
Signed and sworn to (or affirmed) before me
on _____ by _____
  Date        Name(s) of individual(s) making Statement

_____
Signature of Notarial Officer

_____
Title of Office

My commission expires: _____

Brandon Snesko
Notary Public, District of Columbia
My Commission Expires 9/14/2026

**Hannah Rus**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job
ID:305352





Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Kirkland & Ellis LLP
1301 Pennsylvania Avenue NW
Washington DC  20004

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Tyrone Gibson v. Kirkland & Ellis LLP

**To:**  Kirkland & Ellis LLP                           **Case Number:**    2023-CAB-006389

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **01/12/2024;**  at **9:30 AM** in **Remote Courtroom 519**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb519

   Meeting ID: 129 705 0412

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities**:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción**:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች**:

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጽሕፈት ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Alan Lescht
Alan Lescht & Asscociates PC
1825 K Street NW/Suite 750
WASHINGTON DC  20006

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Tyrone Gibson v. Kirkland & Ellis LLP

**To:**  Alan Lescht                                    **Case Number:**    2023-CAB-006389

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **01/12/2024;**  at **9:30 AM** in **Remote Courtroom 519**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb519

   Meeting ID: 129 705 0412
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሐፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያያዎትን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Alan Lescht
Alan Lescht & Asscociates PC
1825 K Street NW/Suite 750
WASHINGTON DC  20006

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Tyrone Gibson v. Kirkland & Ellis LLP

**To:**  Alan Lescht                                         **Case Number:**     2023-CAB-006389

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **01/12/2024;**  at **9:30 AM** in **Remote Courtroom 519**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb519

   Meeting ID: 129 705 0412
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities**:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción**:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች**:

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩውን የጸሐፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያያዎትን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Katherine R Lease
No Known Address

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Tyrone Gibson v. Kirkland & Ellis LLP

**To:**   Katherine R Lease                    **Case Number:**   2023-CAB-006389

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **01/12/2024;**  at **9:30 AM** in **Remote Courtroom 519**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb519

   Meeting ID: 129 705 0412
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩውን የጸሐፊ ቢሮ (ክለርክ'ስ አፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።